OPINION
Thomas E. Henson, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas for two counts of attempted rape, a violation of R.C.2907.02 and 2923.02. Appellant also appeals the trial court's judgment finding him to be a sexual predator. We affirm.
Appellant was accused of attempting to rape a fourteen-year-old girl on November 14, 1998. The victim testified that shortly after her brother and mother left that morning, appellant entered her home. Though appellant was a friend of the victim's brother, the victim stated she was surprised when he came into the home. She testified "that when he first came into my house he came over to me and started trying to take my shirt off. * * * He started lifting up my shirt and kept on messing with my bra trying to get it unsnapped to get it off, and I kept struggling with him and telling him no."
The victim stated even though she was struggling with him, appellant was able to take off her shirt and bra in the living room on the first floor of the home. The victim testified that when she attempted to get appellant out of the house, appellant grabbed her wrists and pushed her upstairs. The victim then stated that appellant "forced me into my bedroom, which is the front room on the second level." She also testified that she was "saying anything I could to try to get him to stop." She then testified that appellant forced her to lay down on her bed and he pulled off her shorts and underwear. The victim also stated:
 I was still trying to get him to stop. I kept on saying "leave me alone," using very profane language and everything just to try to get him away from me. And he got my underwear off of me and dropped his pants down to his knees and kept on trying to make me have sex with him, and I struggled so it didn't work [by] * * * [p]ushing him off my legs away from me, pushing him with my arms, turning over, wiggling, rolling as much as I could do.
The victim further testified that appellant "called me a bitch at one point in time. He said: `Bitch, you're going to do what I'm going to say. I will beat your ass and tell that somebody else did it and I walked in the house and found you like this.'"
The victim stated that she said, "I think my dad's home," which caused appellant to jump up and look out the front bedroom window and then leave the room. The victim testified that while he was distracted, she put on a pair of underwear and jeans. The victim then testified that when appellant came back into her room, he "sat down on my bed and grabbed me by the back of my neck and said: `You're at least going to suck my dick'" and then attempted to force her to perform fellatio. The victim further testified that she was able to get away from appellant after he looked out the front window and said "Oh shit, the cops are outside." She further stated that she grabbed a shirt and bra and put them on while she was running down the stairs towards the police.
The victim's brother testified that on the morning of November 14, he walked in the back door of the home and heard his sister screaming "No, get the F off of me, I don't want this, stop." He stated that he got back in his car, drove three blocks to where his mother was working and had his mother's boss call the police. He also stated that he and his mother stopped to pick up his father at work and they all drove back to the house, arriving shortly after the police. He further stated that the reason he didn't go upstairs to help his sister was because he was scared. He also testified that before the incident, appellant had told him that "he was out partying all night and that he was pretty messed up on alcohol and cocaine."
The police found appellant in the victim's bedroom lying face down on her bed. Timothy Peters, an officer with the Columbus Police Department, testified that when he found appellant he was fully clothed and did not appear to be sleeping. The victim's bra and shirt were found downstairs, her shorts and underwear were found upstairs in her bedroom, and a tampon apparently removed from the victim by appellant was also found in her bedroom. Appellant was arrested and charged with attempted rape.
A trial was held in February 1999. A jury found appellant guilty of two counts of attempted rape and one count of kidnapping. The trial court merged the kidnapping conviction with the attempted rape convictions and sentenced appellant to a period of incarceration of two consecutive five-year terms. The trial court also held a sexual predator hearing and found appellant to be a sexual predator. Appellant appeals his convictions and the sexual predator determination and presents the following two assignments of error:
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRONEOUSLY REFUSED APPELLANT'S REQUEST FOR PRODUCTION OF THE ALLEGED VICTIM'S TESTIMONY BEFORE THE GRAND JURY.
 SECOND ASSIGNMENT OF ERROR:
 THE EVIDENCE BEFORE THE COURT WAS LEGALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT WAS A SEXUAL PREDATOR, SUBJECT TO THE LIFETIME REGISTRATION AND COMMUNITY NOTIFICATION PROVISIONS OF CHAPTER 2950 OF THE OHIO REVISED CODE.
Appellant argues in his first assignment of error that the trial court should have granted his request to produce the victim's testimony given before the grand jury. Appellant claims that if the victim testified before the grand jury in a manner consistent with her testimony during appellant's trial, the grand jury would have also indicted appellant for burglary. Appellant contends that if an inconsistency exists between the victim's testimony before the grand jury and during his trial, appellant's counsel should have been allowed to cross-examine the victim concerning those inconsistencies.
Crim.R 6(E) controls disclosure of grand jury testimony, other than that of a defendant and co-defendant, and release of any such testimony for use during trial is within the discretion of the trial court. State v. Stojetz (1998), 84 Ohio St.3d 452,459. Secrecy of grand jury proceedings is to be maintained unless the ends of justice require its disclosure and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. Id. at 460. A claim that a witness's testimony may have differed from his or her trial testimony based upon actions of the grand jury after hearing the witness's testimony "is mere speculation, insufficient to show particularized need." State v. Henness (1997), 79 Ohio St.3d 53,62.
In the present case, appellant claims that "if the [victim] had testified in [a] manner consistent with what she said at trial, the indictment would have included a burglary charge." However, appellant's theory does not provide a sufficient reason to overturn his conviction and return this case to the trial court for a retrial because appellant's theory is based solely upon speculation. Additionally, even if appellant's counsel was able to cross-examine the victim concerning alleged inconsistencies between her testimony before the grand jury and at appellant's trial concerning whether he was invited into the house, we cannot say that the results of his trial would have been any different. The only alleged inconsistency involves whether appellant was invited into the house and not whether he attempted to rape the victim. Further, a review of the trial transcript shows that appellant's counsel cross-examined the victim concerning other small inconsistencies between statements she made to the police shortly after the offense and her testimony at appellant's trial. Even after appellant's counsel pointed out these inconsistencies to the jury, the jury still found appellant guilty of attempted rape. Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the evidence was insufficient to establish that appellant was a sexual predator. Appellant claims that the evidence failed to establish that appellant was likely to commit a sexually oriented offense in the future.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following under R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Grau
(Dec. 28, 1999), Franklin App. No. 99AP-433, unreported.
 Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. [State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported, following Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.]
A review of the record shows that appellant was convicted of two counts of attempted rape, which is a violation of R.C.2907.02 and 2923.02. Attempted rape is considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1) and (7).
A review of the record also shows that sufficient evidence exists to demonstrate that appellant is likely to engage in the future in one or more sexually oriented offenses. Appellant was twenty-three years old at the time of the incident while the victim was only fourteen years old. "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct."State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. Also, while committing the offense, appellant threatened to beat the victim, used force on the victim, and failed to stop from attempting to rape the fourteen-year-old victim even though she repeatedly pleaded for him to stop.
The record also shows that appellant has a lengthy prior criminal record including convictions for three counts of theft, three counts of aggravated burglary, and one count of criminal damaging. Appellant also was adjudicated delinquent for committing aggravated burglary and disorderly conduct while a juvenile. In addition, appellant was on parole from prison at the time he attempted to rape the victim. Accordingly, after having reviewed the complete record, we find that sufficient evidence was presented to show that appellant is a sexual predator. Appellant's second assignment of error is also overruled.
We also note that in the present case, the prosecution, while addressing the court at appellant's sexual predator hearing, stated the following:
 There's nothing that I would add to the facts that you heard at trial, and I just ask the court to be cognizant of a couple of issues, obviously the offender's age, the offender's prior criminal record, including but not limited to sexual offenses, and the age of the victim. These are the only things that I think [R.C.] 2950.09 implicates. [Emphasis added.]
Appellant argues that his sexual predator hearing was "plainly an afterthought, not undertaken with the degree of deliberation so serious a determination must receive."
Appellant argues that "a trial court cannot find an offender a sexual predator solely on facts arising from the underlying offense." State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, quoting State v. Ward (Feb. 8, 1999), Cuyahoga App. No. 72371, unreported. The court opined that "[h]ad the legislature intended to rely solely on the underlying offense in sexual predator determinations, it would have done away with sexual predator determination hearings and simply classified any person committing a sexually oriented offense as a sexual predator." Id.
In Baughman, relying on the underlying facts alone would have been tantamount to automatically classifying any sexual offender as a sexual predator since there were no facts indicating a special propensity. However, in this case, as in many cases, there are facts within the underlying offense that are especially indicative of the likelihood of the offender to engage in another sexually oriented offense in the future. An especially aggravating fact here is the preying of an adult upon a fourteen-year-old victim with the use of force. Coupled with that factor is the offender's substantial criminal record.
We would point out that nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense. Those facts alone are not always sufficient to support a sexual predator finding, but sometimes, as in this case, they are. Hence, a ruling that facts from an underlying offense are sufficient does not eliminate the necessity of an opportunity for a hearing. Standing alone, as in Baughman, the underlying facts will often be insufficient to support a finding of sexual predator.
We have previously stated that "R.C. 2950.09 does not require the prosecutor to again present evidence that had been previously presented in the same case." State v. Kachermeyer
(Dec. 21, 1999), Franklin App. No. 99AP-439, unreported. We have also found that in the present case, sufficient evidence supports appellant's sexual predator determination. However, in sexual predator hearings, more explanation by the prosecutor as to the reasons why an offender should be classified as a sexual predator, especially why the offender "is likely to engage in the future in one or more sexually oriented offenses," would be helpful to the trial court and reviewing courts in determining whether an offender is a sexual predator.
Accordingly, both of appellant's assignments of error are overruled. We affirm appellant's convictions and the trial court's decision adjudicating appellant to be a sexual predator.
Judgment affirmed.
McCORMAC, J., concurs.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.